UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>                             Plaintiff,<br><br>   v.<br><br>WBC HOLDINGS CORP., *et al.*,<br><br>                             Defendant. | Case No. 18-cv-00870-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2];**<br><br>**(2) DENYING MOTION TO SEAL FINANCIAL RECORDS AS MOOT**<br>**[ECF No. 3];**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT [ECF No. 1] WITH PREJUDICE** |

    On May 4, 2018, Plaintiff Mel Marin filed a civil complaint (ECF No. 1), a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2), and a motion to seal financial records (ECF No. 3). For the reasons herein, the Court grants Plaintiff's IFP motion, denies the motion to seal, and dismisses the Complaint with prejudice.

# I. MOTION TO PROCEED IFP AND MOTION TO SEAL

Under 28 U.S.C. §1915, a litigant who because of indigency is unable to pay the fee or give security needed to commence a legal action may petition a court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Here, the Court finds that Plaintiff has shown that he cannot afford the filing fee. He has submitted an affidavit showing that he has no gainful employment and receives $700 per month through military pension and food stamps. (ECF No. 2.) Plaintiff's declared monthly expenses of $770 exceed his limited financial resources. (*Id.*) Based on the information provided, the Court grants Plaintiff's IFP motion. Plaintiff's motion to seal concerns documentation regarding his financial situation; specifically, Plaintiff contends that if he is required to submit a "long form" IFP motion, he would like to file such information under seal. (ECF No. 3.) Because the Court has granted Plaintiff IFP status based on the financial information he provided, Plaintiff need not submit a "long form" IFP motion. His motion to seal is denied as moot.

# II. MANDATORY SCREENING OF THE COMPLAINT

## A. Applicable Standard

Under Section 1915(e) of title 28 of the United States Code, the Court must *sua sponte* dismiss IFP complaints, or any portions thereof, which are frivolous,

malicious, fail to state a claim, or which seek damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. §1915(e)(2)). "[T]he provisions of section 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679; *see Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Discussion

Plaintiff purports to assert some nine causes of action, including: (1) a claim for declaratory and injunctive relief; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"); (3) credit defamation in violation of 15 U.S.C. §1681; (4) the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §17200, *et seq*.; (5) bankruptcy contempt and conversion; (6) a declaratory judgment that Wells Fargo unlawfully seized funds and destroyed its status as creditor; (7) a quiet title claim regarding a property in which Plaintiff claims a lien; (8) violation of the automatic bankruptcy stay by Wells Fargo; and (9) a 42 U.S.C. §1983 claim. (ECF No. 1.) Notwithstanding the myriad causes of action labeled in the Complaint, the Complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2).

Plaintiff previously asserted all claims but his "bankruptcy contempt" claim in an action brought before a different judge in this Court in October 2016. *See Marin v. Wells Fargo, N.A., et al.*, No. 16-cv-2512-BEN-MDD, ECF No. 1 Complaint (S.D. Cal. Oct. 6, 2016). Upon a mandatory screening of his IFP complaint in that action, Judge Benitez dismissed the Complaint without prejudice for failure to state a claim, determining that: "Plaintiff's Complaint is entirely based upon or related to, Defendants' banking, lending, or credit reporting relationships with Plaintiff's sister or her husband." *Marin v. Wells Fargo, N.A., et al.*, No. 16-cv-2512-BEN-MDD, 2016 WL 6875891, at *2 (S.D. Cal. Nov. 17, 2016). Judge Benitez admonished Plaintiff that "he may not litigate another party's claim *pro se* as it would constitute engaging in the unauthorized practice of law." *Id.* (citing *Marin v. Escondido Care Ctr.*, No. 11CV1610 AJB JMA, 2012 WL 3648288, at *2 (S.D. Cal. Aug. 23, 2012)). Here, Plaintiff once more runs afoul of warnings from two judges in this District that he cannot litigate his sister's claims *pro se*. *See Marin*, 2016 WL 6875891, at *2;

*Marin*, 2012 WL 3648288, at *2.[1]

In assessing Plaintiff's prior complaint, Judge Benitez noted that Plaintiff "alleges that, between 2011 and 2016, the Defendants conspired to seize his sister's bank accounts, foreclose on her properties, violate stays in his sister's bankruptcy hearings, and create a negative impact on her credit score." *Id.* at *3. Judge Benitez determined that "Plaintiff's allegations are conclusory in nature and lack sufficient factual matter to state a claim upon which relief can be granted. Plaintiff simply gives general conclusions that the Defendants have harmed him as a result of harming his sister, and he is entitled to relief, and that the Defendants conspired to commit these wrongs against his sister, which resulted in his own harm, and are therefore liable for each other's actions." *Id.* at *3. After Judge Benitez dismissed the Complaint on these grounds, Plaintiff simultaneously filed an amended complaint and a notice of voluntary dismissal. *See Marin v. Wells Fargo, N.A., et al.*, No. 16-cv-2512-BEN-MDD, ECF No. 8 (Am. Compl.), No, 9 (Notice of Vol. Dismissal) (S.D. Cal. Dec. 29, 2016).

Here, Plaintiff's Complaint is indistinguishable from the Complaint Judge Benitez dismissed, based on the conduct allege, claims raised, and defendants. An IFP plaintiff cannot circumvent a prior dismissal of the same insufficiently pleaded claims by filing a different action before a different judge at a later point in time. An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under 28 U.S.C. § 1915(e); *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir.1995); *see also McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir.1997) (repetitious action may be dismissed as frivolous or malicious). Plaintiff's Complaint is subject to dismissal on this

---

[1] The Court observes that a third judge in this district dismissed claims in Plaintiff's sister's IFP complaint based on willful violation of a bankruptcy stay by other defendants and an identically pleaded Section 1983 claim that Plaintiff alleges here. *See Bauman v. Harbor View Home Owners Ass'n*, No. 16cv2506-MMA (JMA), 2017 WL 1378215, at *6 (S.D. Cal. April 11, 2017).

ground.

Moreover, this Court lacks jurisdiction over Plaintiff's claims regarding willful violation of a bankruptcy stay by the Defendants. The United States Bankruptcy Code establishes an automatic stay. *See* 11 U.S.C. §§362(a), (c), (k). Plaintiff appears to believe that once a bankruptcy proceeding is dismissed, he may bring a claim for willful violation of the automatic bankruptcy in district court. This belief is erroneous. "[R]ecovery of compensatory and punitive damages for willful violations of [an] automatic stay . . . must be brought in the bankruptcy court, rather in the district court, which only has appellate jurisdiction over bankruptcy cases." *Marin v. City of Utica*, 140 Fed. App'x 304 (2d Cir. 2005) (quoting *Eastern Equip. & Servs. Corp. v. Factory Point Nat. Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001); *see also Marin v. Nat'l Grid*, No. 6:10-CV-439 (DNH/ATB), 2010 U.S. Dist. LEXIS 150619, at *6–7 (N.D.N.Y. April 20, 2010) (dismissing for lack of jurisdiction claim based on alleged violation of automatic bankruptcy stay). Plaintiff's sister was already advised of this when her claims of willful violation of a bankruptcy stay were dismissed with prejudice. *See Bauman v. Harbor View Home Owners Ass'n*, No. 16cv2506-MMA (JMA), 2017 WL 1378215, at *2–3 (S.D. Cal. April 11, 2017). This is an independent ground to dismiss Plaintiff's bankruptcy claims.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2) and **DENIES AS MOOT** the motion to seal (ECF No. 3). Because Plaintiff's Complaint fails to correct pleading deficiencies to which Plaintiff was alerted nearly two years ago and raises claims over which this Court lacks jurisdiction, the Court dismisses **DISMISSES WITH PREJUDICE** the Complaint. (ECF No. 1.) The Clerk of the Court shall close the file in this case.

**IT IS SO ORDERED.**

**DATED: May 14, 2018**

Hon. Cynthia Bashant
United States District Judge